# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:05CR00027 |
| v. | **OPINION AND ORDER** |
| **DARIN ALEXANDER BROWN,** | By: James P. Jones |
|  | Chief United States District Judge |
| Defendant. |  |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy Dickenson, Assistant Federal Public Defender, and Christine Madeleine Spurell, Research and Writing Attorney, Office of the Federal Public Defender, Abingdon, Virginia, for Defendant.*

The issue raised in this criminal case is whether there was sufficient evidence of bodily injury to sustain a conviction for assault on federal correctional officers. I find that there was sufficient evidence of bodily injury for the jury to convict and will deny the defendant's motion for judgment of acquittal.

I

The defendant Darin Alexander Brown was convicted by a jury of assaulting a federal officer resulting in bodily injury, 18 U.S.C.A. § 111(b) (West Supp. 2007) (Count One of the Indictment) and committing an assault that was other than simple assault but that did not result in bodily injury, 18 U.S.C.A. § 111(a) (West Supp. 2007)

(Count Two of the Indictment). At trial, the defendant moved for judgment of acquittal as to the Count One § 111(b) conviction on the ground that there was insufficient evidence of bodily injury to either victim. The court reserved decision on this motion, pursuant to Federal Rule of Criminal Procedure 29(b). The reserved motion for judgment of acquittal has now been fully briefed and has been orally denied, and this opinion more fully sets forth the reasons for that decision.

As shown by the evidence presented at trial, the defendant, a federal inmate, assaulted correctional officers on two separate occasions while imprisoned at the United States Penitentiary Lee County ("USP Lee"). On March 5, 2004, the defendant assaulted Officers Timothy Bolling and Kelly Meade after Officer Bolling verbally reprimanded the defendant for not following a prison rule. On March 15, 2005, while being held in the Special Housing Unit, the defendant assaulted Officers Joseph Shortt and Shane Tucker when the officers tried to move the defendant from his cell. The March 15, 2005, incident is the subject of Count Two of the Indictment and is not at issue in this motion.[1]

Officer Bolling testified at trial that on March 5, 2004, he had been working on the main compound at USP Lee. His job was to monitor the inmates as they moved

---

[1] In Count Two, the defendant was charged with the "all other cases" assault, because the defendant made physical contact with the officers but neither officer suffered bodily injury as a result of this altercation.

from the recreational facilities through a metal detection shack and back to the housing units. This type of scheduled movement is referred to as a one-way movement, because the inmates are only allowed to walk in one direction. At some point during this movement, Officer Bolling noticed the defendant walking against the traffic. Officer Bolling approached the defendant and asked him where he was going. After Officer Bolling had directed the defendant to step aside from the other inmates, the defendant stated, "I know I'm wrong, but that's not the point. The point is you need to know how to talk to me." (Apr. 24, 2007 Tr. at 23.) Officer Bolling replied, "The point is if you know you're wrong you need to correct yourself and get there [to the correct building]." (*Id*.)

The defendant began walking away but then yelled back at the officer, "Why don't you get there, why don't you fucking get there." (*Id.* at 24.) Officer Bolling asked for the defendant's prison identification card. The defendant reached into his pocket, took a step forward towards Officer Bolling and punched him on the left side of the head. The punch knocked Officer Bolling back and "dazed [him] to where [he] really didn't even know what had happened." (*Id*.) He went to see the prison medical staff following the assault and by then, the left upper portion of his head had redness and he had a headache. His suffered from headaches for a couple of days and took

-3-

Tylenol. During the trial, the prosecutor asked Officer Bolling if he had swelling, but he never responded. Officer Bolling was able to work for the rest of the day.

The other officer involved in the March 5, 2004, incident, Officer Meade, also testified at trial. Officer Meade stated that he had been working in the metal detector shack that the prisoners had to pass through during this one-way movement when he heard some noise coming from outside. While watching from the shack, Officer Meade saw the defendant hit Officer Bolling. Officer Meade ran outside to help and as he got his hands on the defendant, the defendant hit him and they fell to the ground. Officer Meade was hit on the left side of his jaw. He experienced redness on the jaw and slightly scuffed his knees when he fell to the ground. Although Officer Meade was evaluated by the prison medical staff, he received no medical treatment, took no medication, and worked the rest of the shift.

The nurses who treated the correctional officers also testified at trial. Amanda Bishop, R.N., treated Officer Bolling and stated that "[h]e had a red area around the ear, and he also complained of having a headache." (*Id.* at 56). Teresa Meade, R.N., who treated Officer Meade, testified that he had "a red area to his left facial cheek" that was about the size of a silver dollar.[2] (*Id.* at 58-59.) She further stated that she

---

[2] Nurse Meade is presently married to Officer Meade, however, they were not married on March 5, 2004, when she evaluated him. In fact, she indicated at trial that they had not yet started dating and that she did not really know Officer Meade at that time.

detected no swelling when examining Officer Meade and that he was able to move his jaw and talk with no difficulties. She instructed him to take Tylenol if needed.

II

Section 111 creates three separate assault offenses with increasingly severe penalties. These separate offenses are (1) simple assault, carrying a penalty of not more than one year imprisonment; (2) "all other cases" of assault, with a penalty of not more than eight years; and (3) assault with a dangerous weapon or resulting in bodily injury, with a penalty of not more than twenty years.[3] The statute does not define the term "bodily injury."

The first issue in determining the sufficiency of the evidence is the proper definition of the term "bodily injury." At trial, the jury was instructed by the court using a definition of bodily injury found in four other provisions of Title 18. *See* 18 U.S.C.A. § 831(f)(5) (West 2000); 18 U.S.C.A. § 1365(h)(4) (West 2000 & Supp.

---

[3] There is a split among the appellate courts regarding the distinction between the "simple assault" offense and the "all other cases" of assault offense. The Fourth Circuit has agreed with the majority of courts that § 111 provides for three separate assault offenses and that simple assault is an assault not involving physical contact. *See United States v. Campbell*, 259 F.3d 293, 296 (4th Cir. 2001); *see also United States v. Vallery,* 437 F.3d 626, 634 (7th Cir. 2006) (holding that physical contact is necessary to sustain a conviction for the "all other cases" offense). But the Eighth Circuit held in *United States v. Yates*, 304 F.3d 818, 822 (8th Cir. 2002), that a person can be convicted for the "all other cases" offense even without evidence of actual physical contact.

-5-

2007); 18 U.S.C.A. § 1515(a)(5) (West 2000); 18 U.S.C.A. § 1864(d)(2) (West 2000). They jury was told that "bodily injury" is defined as " any cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of a function of a bodily member, organ, or mental faculty; or any other injury to the body no matter how temporary." (Instruction No. 12.) The defendant argues that the proper definition of bodily injury is that found in the sentencing guidelines— "'Bodily injury' means any significant injury; e.g., an injury that is painful or obvious, or is of a type for which medical attention ordinarily would be sought." U.S. Sentencing Guidelines Manual § 1B1.1 cmt. n.1(B) (2006). [4]

"When Congress uses, but does not define a particular word, it is presumed to have adopted that word's established meaning." *United States v. Myers*, 972 F.2d 1566, 1572 (11th Cir. 1992). In *United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006), a case involving 18 U.S.C.A § 242 (West 2000), the statute that provides an enhanced punishment for a violation of an individual's civil rights that results in "bodily injury," the Fourth Circuit held that the definition of bodily injury found in other provisions of Title 18 should apply. The court stated:

---

[4] The Fourth Circuit has described the sentencing guidelines' definition as follows: "[T]o be 'significant' an injury need not interfere completely with the injured person's life but cannot be wholly trivial and, while it need not last for months or years, must last for some meaningful period." *United States v. Lancaster*, 6 F.3d 208, 209 (4th Cir. 1993).

-6-

> Although the statute does not define "bodily injury," the term is defined identically in four other provisions of Title 18. All of these provisions define "bodily injury" as "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of [a/the] function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary." While we have not had occasion to consider the applicability of this definition to § 242, at least three of our sister circuits have, and each has applied the definition in the § 242 context. We follow suit and adopt the established definition of "bodily injury" for the purposes of § 242.

*Id.* (internal citations omitted).

In light of the Fourth Circuit's holding in *Perkins*, I find that the established Title 18 definition of bodily injury should also be applied in § 111(b) cases.[5]

III

If a court reserves decision on a motion for judgment of acquittal, it must "decide the motion on the basis of the evidence at the time the ruling was reserved."

---

[5] In support of using the sentencing guidelines definition, the defendant also cites to *United States v. Ofarrit-Figureoa*, 15 F. App'x 360, 365 (7th Cir. 2001) (unpublished disposition). But in *Ofarrit-Figureoa*, the Seventh Circuit actually stated, "A challenge to this [bodily injury] instruction would be frivolous because the instruction accurately reflects the definition of bodily injury in other federal statutes, *see, e.g.*, 18 U.S.C. § 831(f)(5); *United States v. Myers,* 972 F.2d 1566, 1572-73 (11th Cir.1992), and the sentencing guidelines, *see* U.S.S.G. § 1B1.1 comment. (n.1(b)); *United States v. Hamm,* 13 F.3d 1126, 1127-28 (7th Cir.1994)." 15 F. App'x at 365. The defendant also cites to *United States v. Studnicka*, 450 F. Supp. 2d 680, 681 (E.D. Tex. 2006). But this reliance is misguided, because in *Studnicka,* the defendant pled guilty so the bodily injury issue came up for the first time in sentencing. *Id.*

-7-

Fed. R. Crim. P. 29(b). In deciding a motion for judgment of acquittal based on the sufficiency of the evidence, I must view the evidence and all inferences therefrom in a light most favorable to the government. *See United States v. Dominguez*, 604 F.2d 304, 310 (4th Cir. 1979). Reviewing the evidence presented by the government in its case-in-chief at trial, I find that there was sufficient evidence of bodily injury to support a conviction for Count One.

The Fourth Circuit held in *Perkins* that the established definition of bodily injury in Title 18, "does not require cataclysmic injuries: physical pain alone or any injury to the body, no matter how fleeting, suffices." 470 F.3d at 161. Here, Officer Bolling testified that he had felt pain when he was hit, had some redness on the left side of his head, and that he took Tylenol for a headache that lasted a couple of days. While his injuries were not significant, I find that they satisfied the bodily injury requirement to sustain the defendant's conviction for a § 111(b) offense. Moreover, even if I were to apply the sentencing guidelines' definition, Officer Bolling's injuries were likely sufficient, because "redness" constitutes bodily injury under the sentencing guidelines. *See United States v. Perkins*, 132 F.3d 1324, 1326 (10th Cir. 1997) ("Courts have held visible injuries such as bumps, bruises, and redness or swelling to constitute 'bodily injury' [under the sentencing guidelines]"). Because I find that the evidence of Officer Bolling's injuries is sufficient to support a conviction for assault

-8-

of a federal officer resulting in bodily injury, I need not address the sufficiency of Officer Meade's injuries.

## IV

For the reasons stated, it is **ORDERED** that the Motion for Judgment of Acquittal is DENIED.

ENTER: July 26, 2007

/s/ JAMES P. JONES
Chief United States District Judge